## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **ROBERT L. MIHAILOVICH,** | § | |
| **Plaintiff,** | § | |
| | § | |
| ***v.*** | § | **Civil Action No. 3:14-CV-2384-N-BK** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Defendant.** | § | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to *Special Order 3*, this case has been referred to the undersigned for pretrial management. Plaintiff, proceeding without the assistance of counsel, filed this action for the return of property in July 2014. Doc. 4. A hearing was scheduled for March 2, 2015 on the Government's motion to dismiss, Doc. 33 (electronic order); however, on February 27, 2015, Plaintiff communicated informed the Court by telephone that he intended to file papers requesting voluntary dismissal of this case, resulting in the hearing being cancelled. Plaintiff never moved to dismiss or pursued this case any further.

On April 13, 2015, following failed attempts by Court staff to contact Plaintiff, Plaintiff was ordered to appear on April 29, 2015, and show cause why his case should not be dismissed for want of prosecution. Doc. 34. Plaintiff did not appear. Doc. 35 (minute entry).

Rule 41(b) of the Federal Rules of Civil Procedure permits a court to dismiss an action *sua sponte* for failure to prosecute or follow court orders. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962). Plaintiff has exhibited a pattern of failing to prosecute his case and respond to Court orders in that he has not responded

to either Defendant's *Motion to Dismiss*, Doc. 22, or Defendant's *Motion for Judgment on the Pleadings*, Doc. 30.  Furthermore, Plaintiff specifically informed that Court that he intended to non-suit his case.  Accordingly, this action is subject to dismissal without prejudice.

Nevertheless, a dismissal without prejudice has the same effect as a dismissal with prejudice if the statute of limitations might prevent a party from refiling his case.  *Boazman v. Econ. Lab., Inc.*, 537 F.2d 210, 213 (5th Cir. 1976).  Here, there does not appear to be an applicable statute of limitations or any temporal restriction on the filing of a Rule 41(g) motion for return of property.  *See* FED. R. CRIM. P. 41(g) (requiring that the motion be filed in the district where the property was seized but not imposing any timeline for filing).

Accordingly, it is recommended that this case be dismissed without prejudice for want of prosecution.

**SO RECOMMENDED** on July 21, 2015.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

       A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE